**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

DENNIS J. TATE, *et al.*,

      Plaintiffs,

v.                                            Civil Action No. 3:08CV87

HAMILTON MITCHELL & ASSOC., INC., *et al.*,

      Defendants.

**MAGISTRATE JUDGE
SCHEDULING AND PRETRIAL ORDER
FOR CONSENT CASES**

The following shall govern the progress of this action in addition to the provisions of the

Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court.

This Order shall control if any conflict is perceived between it and either the Federal or Local Rules.

This Order shall supercede all prior Scheduling and Pretrial Orders that have been entered in this

matter.

**Trial Date:**

    1.   Trial is scheduled with a jury to commence on September 18, 2008, at 9:30 a.m.

**Responsive Pleadings or Answer:**

    2.   Any defendant that has not filed an Answer shall do so within eleven (11) days from the

date of this Order or within the same period after the date of any Order denying a motion to dismiss

or other dispositive motion that was made before the time in which a responsive pleading was

1

otherwise required to be filed pursuant to the Federal Rules of Civil Procedure, whichever date is later, or as established by separate court order.

**Rule 26 Disclosures:**

3(a).  On or before seventy-five (75) days before trial, each party shall identify all persons it expects to call as expert witnesses in its case in chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint and shall file with the Clerk of this Court a written report complying with the requirements of Fed.R.Civ.P. 26(a)(2)(B) for each such expert witness.  Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supercede any conflicting provisions of Rule 26.

3(b).  On or before forty-five (45) days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint and shall file with the Clerk of this Court a written report complying with the requirements of Fed.R.Civ.P. 26(a)(2)(B) for each such expert witness.

3(c).  On or before thirty (30) days before trial, each appropriate party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 14(b) and shall file with the Clerk of this Court a written report complying with the requirement of Fed.R.Civ.P. 26(a)(2)(B) for each such expert witness.

**Electronic Discovery:**

4.  Counsel for the parties shall confer in advance of the Rule 16 Scheduling Conference as prescribed by Rule 26(f), or as otherwise may be directed by the Court, for the purpose of confirming compliance with the dictates of Rule 26(f) to include a determination of what electronic discovery will be sought by any party regarding what issues; what electronic retention and retrieval systems

are in use by the responding party; whether agreement can be reached as to the need for preservation of relevant electronic data with a proscribed disclosure method and scheduled; whether agreement can be reached addressing privileged issues, including a non-waiver proviso; whether there is a need for the designation by each party of an individual to act as a liaison for the party as to all electronic discovery; and the possible need for periodic case management conferences to address any new issues and to insure compliance with whatever has been agreed upon or ordered by the Court. Counsel shall be prepared to address such issues at the Rule 16 Scheduling Conference, or thereafter by formal submission if the Rule 26(f) Conference has not taken place before the Scheduling Conference.

**Completion of Discovery:**

5.    All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than forty (40) days prior to the Final Pretrial Conference, except by order of the Court.

**Dispositive Motions:**

6.    All dispositive motions shall be filed not later than thirty (30) days prior to the Final Pretrial Conference.  Counsel are requested to file courtesy copies of all motions with Chambers. Counsel are reminded of the requirements of Local Rule 56(B) which is specifically incorporated herein regarding motions for summary judgment.

**Non-Dispositive Motions:**

7.  All non-dispositive motions, including all motions *in limine*, shall be filed pursuant to such a schedule that includes the required period for response and reply, if any, so that all such motions will be "ripe" for disposition at the Final Pretrial Conference unless the information or circumstances upon which any motion would be based only becomes known or develops at a later date.

**Proposed Witnesses:**

8.  Each plaintiff shall file a list of proposed witnesses not less than five (5) days prior to the Final Pretrial Conference and each defendant shall designate its witnesses no later than three (3) days prior to the Final Pretrial Conference.  Plaintiff shall file a list of rebuttal witnesses within two (2) business days after the defense designation.  Failure to comply with the provisions of this paragraph will, in the absence of exceptional circumstances,  result in preclusion of a witness's testimony at trial.

**Discovery To Be Used In Evidence:**

9.  Each plaintiff shall designate by appropriate pleading not less than fifteen (15) days prior to the Final Pretrial Conference any discovery material which is intended to be offered into evidence and each defendant shall do likewise not less than twelve (12) days prior to the Final Pretrial Conference.  Any objection to the introduction of any discovery material shall be noted by appropriate pleading which shall be filed no later than five (5) days prior to the Final Pretrial Conference or the objection shall be deemed waived.  This paragraph does not apply to discovery materials that will be used at trial solely for use in cross examination and/or for impeachment purposes.

**Filing With The Clerk:**

10.   No discovery materials shall be filed with the clerk except by order of the Court.

**Jury Trial:**

11.   If this matter is to be tried by a jury, counsel for all parties will file any requested jury instructions, including all requested standard instructions, not less than five (5) days prior to the Final Pretrial Conference.  Counsel shall make every effort to resolve objections, to consolidate jury instructions, and to tender an agreed set of instructions to the Court, including an instruction that succinctly summarizes the respective positions of the parties for additional use by the Court during the voir dire process.  Any proposed instructions as to which there is objection shall be so identified by separate submission and in regard to each disputed instruction (which shall be numbered and identified by the party submitting it, e.g., "P-1" or "D-1"), the nature of the dispute, the respective position of the parties, and any supporting authority shall be set forth.  Each instruction shall be presented on a separate page and the original shall contain a citation of supporting authority; the Court prefers Federal Jury Practice and Instructions, Fifth Edition.  Where specific findings of fact are to be decided by the jury, it is the obligation of counsel to prepare and file proposed interrogatories with the instructions.  The failure of a party to submit written interrogatories where they are necessary shall be deemed a waiver of trial by jury on such issues of fact.  Counsel are required to submit proposed jury instructions to the Court on a computer diskette in addition to a hard copy.

**Voir Dire:**

12.   Any proposed jury voir dire to be requested by any party shall be filed at least five (5) days prior to the Final Pretrial Conference.

**Bench Trial:**

13.   If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law at least five (5) days prior to the Final Pretrial Conference.  Counsel are required to submit proposed findings of fact and conclusions of law on a computer diskette in addition to a hard copy.

**Proposed Exhibits:**

14.   Each plaintiff shall file a list of proposed exhibits not less than (10) days before the Final Pretrial Conference and they shall provide a copy of all proposed exhibits to all parties.  Each defendant shall file a list of proposed exhibits and provide a copy of same to every party not less than seven (7) days before the Final Pretrial Conference.  Any objection to any exhibit shall be noted by appropriate pleading no later than three (3) business days before the Final Pretrial Conference and any submission shall include a copy of the subject exhibit(s).

15.   Three (3) separate copies, properly identified, of all proposed exhibits shall be submitted to the Court at least (1) business day prior to trial and the parties are admonished that no exhibit will be permitted to be published to a jury during the course of trial unless a separate copy of said exhibit is available for each juror or the subject exhibit is of such a size (or enlarged to such a size) as to permit simultaneous examination by the entire jury.

**Deadlines:**

16.   If any deadline established herein shall fall on a Saturday, Sunday or federal holiday, the deadline shall be presumed to have expired at 5:00 p.m. on the nearest preceding business day. If this matter is to be tried without a jury and no Final Pretrial Conference is scheduled, all filing deadlines shall be calculated from the date of trial.

**Settlement Conferences:**

17.   The parties are advised that they or the Court, sua sponte,  may schedule a settlement conference before the other resident Magistrate Judge before or after discovery is concluded and no later than ten (10) business days prior to trial.  Trial counsel shall appear at any settlement conference with the party or parties whom they represent and a party representative must be in attendance who has full settlement authority or who can obtain necessary authority by immediate means during the conference.

**Final Pre-Trial Conference:**

18.   A Final Pretrial Conference will be held on September 11, 2008, at 2:00 p.m.  If a Final Pretrial Conference is not set, but is later deemed necessary, Counsel must contact the Court immediately to schedule one.  Trial counsel shall attend any Final Pretrial Conference and present a proposed Order endorsed by counsel setting forth all resolved and disputed matters related to trial evidentiary issues, e.g., stipulations entered into, exhibits objected to, etc.

19.   If no Final Pretrial Conference is scheduled, the dates in this Order shall run from the date of the trial.

**Court Reporters:**

20.  Any party desiring to have proceedings transcribed by a court reporter in addition to the audio-digital recordation by the Court shall make their own arrangements and be financially responsible for said services.

                                                          /s/
                                          _____
                                          M. Hannah Lauck
                                          United States Magistrate Judge


Richmond, Virginia
Date:  May 22, 2008

8